# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOACHIM STERN,

    Plaintiff,

vs.

ERIN MARSTON, *et al*.,

    Defendants.

Case No. 3:21-cv-00130-RRB

## ORDER OF DISMISSAL

Joachim Stern, representing himself, filed a Prisoner's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, alleging speedy trial claims against the judge, the assistant district attorney, and Mr. Stern's public advocate in his state criminal case, *State of Alaska v. Joachim Stern*, Alaska Superior Court Case No. 3AN-20-00935CR.[1] Mr. Stern also filed an Application to Waive Prepayment of the Filing Fee, and a Motion for Appointment of Counsel.[2]

In his Complaint, Mr. Stern claims that (1) Judge Erin Marston "did allow my Constitutional right of a 'speedy trial' to be violated and also … became an imposter of his Oath making [him] liable for penalties associated with his criminal actions";[3] (2) Assistant District Attorney "Patrick McKay did allow

---

[1] Docket 1.

[2] Dockets 3, 4.

[3] Docket 1 at 3.

[Mr. Stern's] right to 'speed[y] trial' to be violated, and also Patrick McKay became an imposter of office, makin[g] him personally liable for [Mr. Stern's] injury and civil penalties and should be arrested for his egregious acts";[4] and (3) his lawyer, "Jim Corrigan assisted in the conspiratorial egregious act of denial of [Mr. Stern's] 'speedy trial' right, personally injuring [him] and [his] family … and became an imposter to oath [and] liable and should be arrested for such acts."[5]

Mr. Stern seeks $10,000,000 in damages, plus punitive damages at the "maximum," an order to "produce for review all discovery for case 3AN-20-00935CR," as well as: "(1) Issue a bar to prosecution for alleged offense, [and] (2) Return any funds to corporate entity as 'charged.'"[6]

Earlier this year, Mr. Stern filed a habeas petition under 28 U.S.C. § 2241 in this Court, claiming the state court is denying his right to a speedy trial in the same state criminal case.[7] In Mr. Stern's 2241 case, he was appointed counsel, but his lawyer determined that he had no non-frivolous grounds for relief, and the Court dismissed the case on June 17, 2021.[8]

---

[4] *Id.* at 4.

[5] *Id*. at 3.

[6] *Id.* at 8.

[7] *Stern v. Houser,* 3:21-cv-00016-RRB, Docket 1 (challenging *State of Alaska v. Joachim Stern*, Alaska Superior Court Case No. 3AN-20-00935CR).

[8] 3:21-cv-00016-RRB, Dockets 15, 17, 18.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a plaintiff who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action--

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.[9]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[10] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[11] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint

---

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[11] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12]

## DISCUSSION

Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[13] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[14]

Failure to name appropriate "state actors," judicial immunity, prosecutorial immunity, res judicata,[15] and abstention all require dismissal of this case.

---

[12] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[14] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[15] *Black's Law Dictionary* (11th ed. 2019) (Res Judicata: "1. An issue that has been definitively settled by judicial decision. 2. An affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been — but was not — raised in the first suit. The three essential elements are (1) an earlier decision on the issue, (2) a final judgment on the merits, and (3) the involvement of the same parties, or parties in privity with the original parties.") (citing Restatement (Second) of Judgments §§ 17, 24 (1982)).

## I. Public Defenders

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor."[16] Such a lawyer, whether from the Alaska Office of Public Advocacy or the Public Defender's Office, is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[17] It does not matter that a lawyer is paid from public funds. "Except for the source of payment, ... the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[18]

Because the lawyer's duty and loyalty are to the client, not the state, a court appointed attorney is not "acting under color of state law" for purposes of Section 1983. It therefore follows that any lawyer who represents Mr. Stern, regardless of whether the lawyer is paid by the state, is not a state actor under federal civil rights law and is not a proper defendant in this case. The claim against

---

[16] *Miranda v. Clark County, Nevada*, 319 F.3d 465, 469 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003) ("[The attorney], in undertaking the actual defense of Miranda, entered into an attorney-client relationship that placed him in a role that exempts him from liability under § 1983 as a state actor.").

[17] *Id*.

[18] *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981).

his criminal defense attorney must, therefore, be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Judicial Immunity

Judges, and those performing judge-like functions, have absolute immunity from § 1983 damages suits for judicial acts.[19] Since 1872, the Court has recognized that in order to ensure the proper administration of justice, a judge "in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself."[20] A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."[21]

---

[19] *See Stump v. Sparkman*, 435 U.S. 349, 357–58 (1978) (holding that judge's order authorizing sterilization of 15-year-old girl without her knowledge was unconstitutional, but judge was immune from suit because order was a judicial act); *Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985) ("Judicial immunity is not limited to judges. All those who perform judge-like functions are immune from civil damages liability.") (citations omitted).

[20] *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 337 (1872); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts.") (citing *Bradley*, 80 U.S. at 347).

[21] *Stump*, 435 U.S. at 357–58 (quoting *Bradley*, 80 U.S. at 351); *Ashelman*, 793 F.2d at 1075–76 (When evaluating whether a judge's act was performed within his or her judicial authority, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." And "[t]hese factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity.") (citations omitted).

Judge Erin Marston has judicial immunity for his judicial actions in this case. The claim for monetary damages must, therefore, be dismissed as required by 28 U.S.C. § 1915(e)(2)(B)(iii).[22]

### III. Prosecutorial Immunity

Prosecutors are also absolutely immune from liability under section 1983 for conduct that is "intimately associated with the judicial phase of the criminal process."[23] The Supreme Court has decided that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State"—including "evaluating evidence and interviewing witnesses as he prepares for trial"—"are entitled to the protections of absolute immunity."[24]

The Ninth Circuit has explained that "[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that ... advocates ... can perform their respective functions without

---

[22] 28 U.S.C. § 1915(e)(2)(B) (A court shall dismiss the case at any time if the court determines that the action "(iii) seeks monetary relief against a defendant who is immune from such relief.").

[23] *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *Botello v. Gammick,* 413 F.3d 971, 975 (9th Cir. 2005).

[24] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

harassment or intimidation."[25] Because not all of a government lawyer's activities are covered by absolute immunity, "a functional comparison of the activities performed is critical."[26] The Supreme Court has held, however, that "officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision."[27]

Clearly, Mr. Stern is not complaining about an assistant district attorney's administrative duties such as "workplace hiring, payroll administration, the maintenance of physical facilities, and the like."[28] No facts indicate that the assistant district attorney was engaged in anything other than conduct intimately associated with adjudication. The claim for monetary damages against the prosecutor must be dismissed, as required by 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[25] *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978)).

[26] *Stapley v. Pestalozzi*, 733 F.3d 804, 811 (9th Cir. 2013) (citing *Imbler*, 424 U.S. at 430).

[27] *Butz*, 438 U.S. at 516.

[28] *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (Even a prosecutor's *administrative responsibilities* that result in an error in a specific criminal trial constitute "an essential element of the plaintiff's claim [and] are thus unlike administrative duties concerning, for example, workplace hiring, payroll administration, the maintenance of physical facilities, and the like." Thus, "absolute immunity must follow.").

## IV. Abstention

As Mr. Stern was told in his habeas case, the *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[29] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[30] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[31]

---

[29] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[30] *Younger*, 401 U.S. at 54*; see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

[31] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Stern's criminal case in state court remains ongoing.[32] Mr. Stern's allegation, that he is being denied his right to a speedy trial in state court, should normally be addressed in his state court criminal proceedings.[33] This Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[34]

In Mr. Stern's habeas action, his lawyer filed a Motion to Withdraw under *Anders v. California*,[35] concluding that "Mr. Stern does not have any non-frivolous claims for federal court intervention based upon the State of Alaska's purported violations of his federal constitutional rights to due process and a speedy trial as guaranteed under the Sixth and Fourteenth Amendments and the habeas statute."[36] Although Mr. Stern's "loss of liberty for the time of pretrial detention is

---

[32] *See Alaska v. Stern,* Case No. 3AN-20-00935CR.

[33] *See Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[34] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019).

[35] 386 U.S. 738 (1967); *see also United States v. Griffy*, 895 F.2d 561 (9th Cir. 1990).

[36] *Stern v. Houser,* 3:21-cv-00016-RRB, Docket 15 at 1, and Exhibit 1 (Affidavit of James Corrigan).

'irretrievable' regardless of the outcome at trial,"[37] he received bail hearings on February 26, 2020, March 24, 2020, and January 28, 2021.[38] And Mr. Stern's bail, while he awaits trial for felony robbery, is currently reduced to "a $250 performance bond and PED electronic monitoring with house arrest. However, Mr. Stern has been unable to obtain a suitable address for the electronic monitoring conditions. Consequently, he has remained incarcerated since he was charged on February 1, 2020."[39] And "[g]iven the seriousness of the charges that he faces, counsel cannot state that Mr. Stern's bail has been set in an amount higher than can be reasonably calculated to assure Mr. Stern's appearance at trial while at the same time assuring the state's compelling governmental interest in assuring public safety."[40]

Moreover, continuances have been requested by Mr. Stern's attorney "due to discovery issues. Mr. Stern's counsel has not yet obtained the entirety of

---

[37] *Page,* 932 F.3d at 904 (quoting *Arevalo*, 882 F.3d at 766); *see also United States v. Henning*, ___ F. Supp. 3d ___, 2021 WL 222355 at *8 (C.D. Cal. Jan. 19, 2021) ("The Court also is acutely aware of the statistics of how many people continue to be infected, hospitalized, and—tragically—die due to the coronavirus every day, all across the country. But the Constitution does not turn on these considerations. Instead, to protect the fundamental right to a speedy trial guaranteed by the Sixth Amendment, the Constitution requires that a trial only be continued over a defendant's objection if holding the trial is *impossible*.").

[38] 3:21-cv-00016-RRB, Docket 15 at 2.

[39] *Id*.

[40] *Id*. at 7.

the discovery from the state of Alaska."[41]  Further, Mr. Stern's state appointed lawyer has filed a motion to dismiss the indictment in his criminal case.[42]  As pointed out by counsel in Mr. Stern's federal habeas case, "in light of Mr. Stern's constitutional right to effective assistance of counsel, and opportunity to prepare a defense under the Sixth Amendment, the period of delay caused as a result of counsel's preparation of the case would be an improper basis for a speedy trial violation."[43]

These facts indicate that the federal court should abstain from intervening in Mr. Stern's state criminal proceedings.

THEREFORE, **IT IS HEREBY ORDERED:**

1. The case is DISMISSED without prejudice to the continued litigation of any appropriate issues in Mr. Stern's state criminal case.[44]

2. All outstanding motions are DENIED as moot.

---

[41] *Id*.

[42] *Id*. at 3, 6.

[43] *Id*. at 6.

[44] *See* 3:21-cv-00016-RRB, Docket 17 at 9–10 (exhaustion of state court remedies).

Case 3:21-cv-00130-RRB, *Stern v. Marston, et al.*
Order of Dismissal
Page 12 of 13

3. The Clerk of Court will enter a Judgment accordingly.

Dated at Anchorage, Alaska this 21st day of June, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge